United States District Court
Southern District of Texas
**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAOLA CARRANCO LIMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-0063 |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, *et. al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Plaintiff's Motion for Summary Judgment (Document No. 23), and Defendants' Cross-Motion for Summary Judgment (Document No. 24). Having considered the motions, submissions, and applicable law, the Court finds that Plaintiff's motion should be denied, and the Defendants' motion should be granted.

## I. BACKGROUND

This matter arises from an immigration dispute. On December 20, 2023, Plaintiff Paola Carranco Limon ("Limon"), a Mexican national, filed a Form I-140 Immigrant Petition for Alien Worker ("I-140 Petition") with the U.S. Citizenship and Immigration Services ("USCIS").[1] Limon sought an EB-1A classification, the highest preference extraordinary ability immigrant worker classification from

[1] *See Plaintiff's Complaint*, Document No 1. at 6-11.

USCIS, "based upon her extraordinary ability in the field of training and development management, specializing in the planning, design, creation, and implementation of work culture and talent diversity and inclusion systems and techniques across global workforces."[2] Limon contends that USCIS denied her immigration petition, despite Limon's evidence proffered to USCIS demonstrating she met the criterion outlined in 8 C.F.R. §204.5(h)(3)(i).

Based on the foregoing, Limon filed suit on January 7, 2025, against Defendants Department of Homeland Security, Alejandro Mayorkas, Ur Mendoza Jaddou, and Mary Elizabeth Brennan Seng (hereinafter "the Government"), challenging her application denial pursuant to the Administrative Procedure Act. Limon also moves this Court to issue injunctive relief setting aside the USCIS' decision and requiring the USCIS to reopen and approve Limon's I-140 Petition. On February 9, 2026, Limon moved for summary judgment.[3] On March 11, 2026, the Government filed a cross-motion for summary judgment.[4]

---

[2] *Plaintiff's Motion for Summary Judgment and Brief in Support*, Document No. 23 at 12-13

[3] *Plaintiff's Motion for Summary Judgment and Brief in Support*, Document No. 23 at 1-25.

[4] *Defendants' Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment*, Document No. 24 at 1-22.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343

(5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

Both Limon and the Government move for summary judgment, contending that there is no genuine issue of material fact for a jury to consider in this matter. The Court will first identify the standard for review of administrative action and applicable agency law, before considering whether the USCIS was arbitrary, capricious, or committed an abuse of discretion.

The Administrative Procedure Act ("APA") allows judicial review of final agency actions. *See* 5 U.S.C. §702. Under the APA, the Court performs a limited review to decide "whether the agency action is supported by the administrative

record and otherwise consistent with the APA standard of review." *Yogi Metals Group Inc. v. Garland*, 567 F. Supp. 3d 793, 798 (S.D. Tex. 2021). A decision is arbitrary and capricious if the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Although a reviewing court "may not supply a reasoned basis for the agency's action that the agency itself has not given," it may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id.* at 43.

The Immigration and Nationality Act ("INA") permits a foreign national to petition on their own behalf for classification as an "alien with extraordinary ability". See 8 U.S.C. §1154(a)(1)(e). To meet the definition of "extraordinary ability," the petitioner must submit evidence that he or she "has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." 8 C.F.R. § 204.5(h)(3). A petitioner may show the required extraordinary ability in two ways. The first is "evidence of a one-time achievement (that is, a major, internationally recognized award)." *Id.* In the absence of evidence

of a one-time achievement, a petitioner may qualify by submitting evidence of at least three of the following:

(i) "Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

(ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

(iii) (Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;

(iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;

(v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

(vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;

(vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;

(viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;

(ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or

(x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales."

8 C.F.R. § 204.5(h)(3). Should a petitioner believe that the enumerated criteria "do not readily apply to [her] occupation, the petitioner may submit comparable evidence to establish [her] eligibility." 8 C.F.R. § 204.5(h)(4). Upon receipt of an I-140 Petition, USCIS Policy requires the agency to issue a Final Merits Determination in which "the officer should consider the petition in its entirety to determine eligibility according to the standard", to include "all evidence in the totality" and "any potentially relevant evidence in the record, even if such evidence does not fit one of the above regulatory criteria or was not presented as comparable evidence." 6 USCIS-PM (F)(2)B)(1).

Here, Limon contends that USCIS abused its discretion and was arbitrary and capricious in denying Limon's I-140 Petition. More specifically, Limon refers the

Court to a plethora of evidence she provided to USCIS in support of her I-140 Petition, including: (1) newspaper articles denoting her accomplishments; (2) documents showing her involvement in professional business organizations; (3) a presentation delivered at the 2022 Mexican Association of Tourism Developers annual meetings; (4) prior awards earned in 2008 and 2009; and (5) evidence of Limon holding leadership roles at companies such as "TalentLab," "INcluye," and "iSana."[5] Limon contends that an "objective view of the evidence" should lead the Court to find that she qualifies for the extraordinary ability worker visa under the plain language of 8 C.F.R. §204.5.[6]

In response, the Government provides the Court with a thorough history of USCIS's review of Limon's materials in this matter. On July 22, 2024, USCIS provided Limon an opportunity to submit additional evidence in support of her petition.[7] On October 16, 2024, Limon responded to USCIS' request for evidence and provided additional arguments and evidence for USCIS' review.[8] After initially denying Limon's petition on October 25, 2024, USCIS later reopened the petition

---

[5] *Plaintiff's Motion for Summary Judgment and Brief in Support*, Document No. 23 at 14-19.

[6] *Id.* at 25.

[7] *See Certified Administrative Record*, Document No. 18 at 1062-71.

[8] *Id.* at 886-1051.

for reconsideration, and allowed Limon to have a third opportunity to supply USCIS with additional argumentation and evidence.[9]

On June 24, 2025, USCUS issued its final decision denying Limon's I-140 Petition. In that twenty-page decision, USCIS evaluated each of the six regulatory criteria Limon claimed to satisfy and found that five criteria were not met. In doing so, USCIS provided a detailed explanation regarding why each criterion was not satisfied. Regarding the first disputed criterion, USCIS acknowledged that "[t]he letters submitted by [Plaintiff] speak of her talent, skills, perseverance, and drive," but explained that the letters "failed to provide any information about the award [Plaintiff] purportedly received," and that the copies of the photographs submitted "do not provide any information about the award received."[10] USCIS further explained that "[n]one of the documents submitted show that the award issued to [Plaintiff] was for excellence in the field of endeavor, or that the award is nationally or internationally recognized."[11]

Regarding the second disputed criterion, USCIS determined that even though Plaintiff "submitted English translations for each of [the screen prints and articles

---

[9] *Id.* at 855, 857.

[10] *See Certified Administrative Record*, Document No. 18 at 5.

[11] *Id.*

she submitted], the translations were not accompanied by a certification from the translator certifying his or her competence to translate each document from the foreign language to English."[12] USCIS further explained that "the articles submitted by [Plaintiff] are either missing the name of the publication, the name of the author, or the date of publication," and that "[t]his information must be included in all articles submitted as they are part of the regulatory requirements listed at 8 C.F.R. [§] 204.5(h)(3)(iii).[13]

Regarding the third disputed criterion, USCIS indicated that the English translation provided for the screen prints and articles submitted from various publications "did not include a certification of the translator's competence and, therefore, cannot be considered as part of the evidence."[14] USCIS further explained that the letters submitted "did not provide any information about the specific contributions [Plaintiff] has made, or the major significance they have in the field of training and development management."[15]

---

[12] *Id.* at 7.

[13] *Id.*

[14] *Id.* at 9.

[15] *Id.*

Regarding the fourth disputed criterion, USCIS explained that Plaintiff failed to provide a certified English translation for certain document submitted.[16] CAR 9. USCIS further explained that Plaintiff "did not submit any objective documentary evidence to show that her attendance at a conference is evidence that she published scholarly articles in professional or major trade publications or other major media."[17]

Regarding the fifth and final disputed criterion, USCIS determined that one of the letters submitted "failed to provide any specific information about the roles [Plaintiff] played for [the organization known as] Unilever, such as the duties performed by her, and a description of the leading or critical role she had in the organization's success."[18] USCIS further explained "the evidence submitted in support of this criterion fails to show that [Plaintiff] has held leading or critical roles with Unilever or any other organization with a distinguished reputation."[19]

A review of the record in this matter reveals that USCIS provided ample opportunities for Limon to be heard, considered all of the evidence provided by Limon, and provided a final decision clearly explaining its reason for denying Limon's I-140 Petition. Having considered the motions, submissions, and applicable

---

[16] *Id.*

[17] *Id.* at 12.

[18] *Id.* at 14.

[19] *Id.* at 14-15.

law, the Court finds that USCIS did not act arbitrarily or capriciously in denying Limon's I-140 Petition, and reasonably concluded the Limon failed to meet its burden of establishing eligibility for the I-140 Petition. Accordingly, the Court finds that the Government is entitled to summary judgment.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff's Motion for Summary Judgment (Document No. 23) is **DENIED**. The Court further

**ORDERS** that Defendants' Cross-Motion for Summary Judgment (Document No. 24) is **GRANTED**.

SIGNED at Houston, Texas, on this 22 day of June, 2026.

DAVID HITTNER
United States District Judge